The opinion of the court was delivered by
Gibson, C. J,
In one respeet I am satisfied that the opinion I entertained at the trial is erroneous. In the act of 1727, which is *137 in pari materia, the several parts of the business of inspecting, • (which were compensated collectively, but for one of which a fee is now given specifically,) are enumerated and described so as to include repacking, which is one of the very duties for which extra compensation is claimed here. Hence it seemed that this service was entitled to be separately compensated only where it should not constitute a part of the ordinary business of inspection: as where the article or the casks should be defective, and repacking should be incidental to the process of rendering the whole merchantable; But it escaped me that for what was called inspecting, very neárly the same fees were allowed then, as are allowed for inspecting and other services which are distinguished from inspecting, now, and compensated separately. The reason of the alteration is obvious. In the origin of the system, it was supposed that each cask would have to be opened; so that the amount of service actually rendered, being in all cases determinable by the number of the casks, would be not only conveniently, but justly compensated by allowing the same fee for each. But, when experience had shown actual inspection to be necessary only in respect of an inconsiderable number, it was found to be manifestly improper to compensate services which were never rendered, by allowing a fee for repacking in respect of casks which were only branded. Hence a fee for inspecting was given for each, as each was to be branded; and compensation for repacking was allowed only where it should be earned by actual performance of the service. The officer is therefore entitled to a shilling for each cask repacked, whether in the course of his ordinary duties or otherwise.
But it is equally clear that replacing the head and the hoops, and securing them with nails, is a part of the business of repacking; and that a charge for coopering can be allowed only where the-cask, having been found defective, has been rendered otherwise by services which none but a cooper could render. To replace the head does not require professional skill'. The.inspector or any one else can do it as well as a cooper. But-what puts the intention' of the legislature beyond a doubt, is the leaving of the amount of compensation to be determined by the extent of the services. The trouble of replacing the head, being in all cases the same, Is, more than any other duty appertaining to the office, susceptible of just compensation by a specific fee; and, had it been intended to be made the subject of a separate charge, it is reasonable to infer that a specific fee would have been provided for it; while, on the other hand, an indefinite compensation is referrible only to services whose extent must necessarily depend on the circumstances of the particular case.
How does this affect the propriety of the verdict? The facts are not disputed; and, unfortunately for the defendant, these put the question of criminality beyond dispute. Granting the propriety of the fee for repacking, yet he insisted on other charges that *138 are altogether inadmissible. And, even were th.is otherwise, still I am not willing to admit the right of an officer to withhold his services till he shall have received his fee; nor that he can, as was attempted here, divide'an act of duty into several parts so as to make separate charges of less than forty shillings each, and thus elude the right of an appeal in an. action before a justice of the peace. He might, with equal reason, make a separate charge for each cask, and subject those who employ him to ten times the amount in costs incurred in vexatious lawsuits,- and thus convert his office, which was Created for public convenience, into an instrument of public annoyance. For these reasons, we,are of opinion the defendant is guilty of the misdemeanor charged in the indictment. ' '
.Rule discharged.